UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *vs.*                                Case No. 18-CR-122

JACOB MACLIN,

    *Defendant.*

# MOTION TO SUPPRESS AND
# REQUEST FOR AN EVIDENTIARY HEARING

On March 31, 2018, Milwaukee Police conducted a traffic stop of Jacob Maclin's vehicle. After the stop, officers smelled marijuana. They asked Maclin whether he had anything illegal in the vehicle. He told them his wife's gun was in the car. Police searched the car and found marijuana and the firearm in the vehicle's center console. Based on the recovery of those items, the government has charged Maclin with three federal crimes. Maclin seeks the suppression of all evidence obtained as a result of this unlawful traffic stop.

According to police reports, officers "were conducting surveillance in the 2600 block regarding several drug dealing complaints in the immediate area." While it's not clear what block the officers are referring to, reports indicate that

Federal Defender Services<br>of Wisconsin, Inc.

officers observed a Camry parked at 2607 N. 34th Street with a black male inside. For four to five minutes, the person in the Camry stayed there, until another vehicle arrived, Maclin's Dodge Magnum. The Magnum parked across the street, at 2602 N. 34th Street. Reports further reflect that the man in the Camry exited his car and approached Maclin's charger, and entered the front passenger door.

Officers observed "physical contact" between the driver and passenger, but "[d]ue to the window tint, officers could not see the exact actions of the two subjects." Nonetheless, officers concluded that what happened was a drug deal and ordered a traffic stop. It is unclear where the squad that conducted the traffic stop had been sitting when it was ordered to stop Maclin's vehicle. Maclin's car drove north on 34th Street and turned left (westbound) on Center. His car then turned right (northbound) on 35th Street.

The reports indicate that Maclin's vehicle "was travelling at about fifty miles per hour as it took [officers] several blocks to cath (sic) up to the auto." The officers pulled Maclin's vehicle over at 2970 N. 35th Street. There is no video or audio recording of the surveillance of Maclin's encounter with the individual in the Camry, the traffic stop, or the search. Not one officer activated a body camera or

Federal Defender Services
of Wisconsin, Inc.

squad camera until Maclin had already been taken into custody and his vehicle had been searched.

Maclin's lawyer has consulted with the government's lawyer, Assistant United States Attorney Lisa Wesley. Attorney Wesley indicated that the government believes that this traffic stop was justified under *Terry v. Ohio*, 392 U.S. 1 (1968), based on the officers' reasonable suspicion of criminal activity. The government also believes that the stop was justified on the basis of probable cause that both a traffic violation (speeding) and equipment violation (illegal tint) had occurred.

## **Argument**

The Fourth Amendment protects citizens from unreasonable searches and seizures. Because Maclin's seizure and the subsequent search were warrantless, the government bears the burden of establishing their legality. *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985).

Maclin asserts that police had neither probable cause nor reasonable suspicion to stop him. As to the purported traffic violations, Maclin is prepared to present evidence that his vehicle is equipped with legal factory tints and were so equipped on the day of his arrest. Second, Maclin is prepared to present evidence

that his vehicle was not speeding. These are factual disputes that necessitate a hearing.

As to whether the stop was valid under *Terry*, police "may conduct an investigatory stop of a person when they have a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Lawshea*, 461 F. 3d 857, 859 (7th Cir. 2006). The police reports in this case do not provide a reasonable basis to believe that Maclin was engaged in criminal activity.

There was no "tip" implicating Maclin in illegal activity. *See Alabama v. White*, 496 U.S. 325 (1990). He didn't flee from police. *See Lawshea*, 461 F. 3d at 859. He didn't act suspicious or nervous. It wasn't a late hour. *See Packer*, 15 F. 3d at 658. It was a residential area, not a desolate industrial park. *See United States v. Briggman*, 931 F. 2d 705 (11th Cir. 1991) (investigatory stop justified where officer observed defendant's car parked at 4:00 a.m. near commercial buildings in high crime area). He didn't engage in counter-surveillance driving. *See United States v. Lechuga,* 925 F. 2d 1035, 1039 (7th Cir. 1991). He didn't encounter a known or suspected drug dealer.

Nonetheless, whether reasonable suspicion exists is determined based on the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

4

Federal Defender Services
of Wisconsin, Inc.

And when courts in this district are required to evaluate the totality of the circumstances under fact intensive inquiries in a Fourth Amendment challenge, evidentiary hearings are generally given. *See e.g., United States v. Perkins*, 2008 WL 410651 (E.D. Wis. 2008); *United States v. Mitchell*, 2015 WL 2165625 (E.D. Wis. 2015). For those reasons, Maclin requests an evidentiary hearing to establish a clear factual record on which it can address Maclin's underlying motion to suppress.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2018.

Respectfully submitted,

/s/ Joshua D. Uller
Joshua D. Uller, WI Bar #1055173
FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI 53202
Tel.: (414) 221-9900
E-mail: joshua_uller@fd.org

*Counsel for Defendant, Jacob Maclin*